Ronald R. ERNST, Plaintiff–Appellant

v.

Jon HINCHLIFF; Dwight Close; Jeremy Britzius; Jack Rusinoff; Ed Hanson; Barbara L. Neilson, ADL; Patricia Moen; Michelle Murphy; Scot Nadeau;

Minneapolis Police Dept.; MN Department of Corrections; Bloomington, MN Police Department; State of Minnesota; Columbia Heights Police Department, Defendants–Appellees

No. 15–3247

United States Court of Appeals, Eighth Circuit.

Submitted: May 26, 2016

Filed: June 13, 2016

Ronald R. Ernst, Pro Se.

Brian Scott Carter, City Attorney's Office, Minneapolis, MN, for Defendants–Appellees Jon Hinchliff, Minneapolis Police Dept.

Angela Helseth Kiese, Assistant Attorney General, Attorney General's Office, Saint Paul, MN, for Defendants–Appellees Dwight Close, Jeremy Britzius, Jack Rusinoff, Barbara L. Neilson, ADL, Patricia Moen, Michelle Murphy, MN Department of Corrections, State of Minnesota.

Ryan Michael Zipf, League of Minnesota Cities Insurance Trust, Saint Paul, MN, for Defendants–Appellees Ed Hanson, Scot Nadeau, Bloomington, MN Police Department, Columbia Heights Police Department.

Before COLLOTON, GRUENDER, and KELLY, Circuit Judges.

PER CURIAM.

Ronald Ernst appeals the district court's[1] dismissal of his complaint asserting claims under 42 U.S.C. §§ 1983, 1985, and asserting state-law defamation claims, all related to the disclosure—pursuant to Minnesota law—of information about him.

We conclude that the dismissal was proper. See Martin v. Iowa, 752 F.3d 725, 727 (8th Cir. 2014) (Fed. R. Civ. P. 12(b)(6) dismissal is reviewed de novo). After careful review, we conclude that Ernst failed to state a claim for any constitutional violation, see Reeve v. Oliver, 41 F.3d 381, 383 (8th Cir. 1994) (per curiam) (to state § 1983 claim, plaintiff must allege that defendants' conduct caused constitutional violation); see also Novotny v. Tripp Cty., S.D., 664 F.3d 1173, 1180 (8th Cir. 2011) (where plaintiff failed to show any underlying constitutional violation, his § 1985 conspiracy claims also failed), and that his state-law defamation claims were either time-barred, see Settle v. Fluker, 978 F.2d 1063, 1064 (8th Cir. 1992) (federal courts apply state statutes of limitation to state-law claims) (per curiam); see also Minn. Stat. § 541.07(1) (2–year statute of limitation for defamation actions), or deficiently pled, see Vassallo v. Majeski, 842 N.W.2d 456, 462, 465 (Minn. 2014) (public official performing duty which calls for exercise of discretion is not liable unless he is guilty of willful or malicious wrong). Accordingly, we affirm. See 8th Cir. R. 47B.

1. The Honorable Susan Richard Nelson, United States District Judge for the District of Minnesota, adopting the report and recommendations of the Honorable Tony N. Leung, United States Magistrate Judge for the District of Minnesota.